United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| LILIAN SANCHEZ MEJIA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-361 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner is currently detained in federal custody at the Laredo Processing Center in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 8).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of her due process rights, and the failure to provide due process warrants her release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by April 13, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by April 13, 2026, at 5:00 p.m.**

## I. BACKGROUND

### A. Factual Background

Petitioner, a citizen of Honduras, challenges her ongoing detention without a bond hearing. Petitioner entered the United States without inspection on or around May 1, 2007. (Dkt. No. 1 at 4).[1] On or around December 26, 2025, Petitioner was arrested by Immigration and Customs Enforcement (ICE) and was served a Notice to Appear (NTA), charging her with removability. (Dkt. No.1-1 at 6). Petitioner has been detained at the Laredo Processing Center since her arrest. (Dkt. No. 1 at 7). Respondents do not allege that she has any criminal history or any other personal circumstances that reflect an individualized determination of

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

1 / 4

his flight risk or danger. (*See* Dkt. No. 8 at 1–2).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at \*4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at \*4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that she is entitled to release from detention. She brings several claims for relief: detention in violation of the INA and related regulations, violation of the Due Process Clause of the Fifth Amendment, violation of the Administrative Procedure Act, violation of the equal protection guarantee of the Fifth Amendment, violation of the suspension clause of the United States Constitution, and violation of the *Accardi* Doctrine.

The basis of Petitioner's due process claim is that Respondents have deprived her of her liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. She argues that she has a strong interest in liberty because she entered

the United States in 2007, has no criminal history, is not a danger to the community, and is not a flight risk. Petitioner requests, among other things, that this Court declare that Petitioner's continued detention violates the Constitution and laws of the United States, including the Due Process Clause and Equal Protection component of the Fifth Amendment, the Suspension Clause of Article I, Section 9 of the United States Constitution, the Administrative Procedure Act, and the *Accardi* doctrine.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that her detention does not violate procedural or substantive due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under substantially similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.

The Court finds that the same reasoning applies to the facts in this case. For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

to 28 U.S.C. § 2241, (Dkt. No. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. No. 8), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by April 13, 2026, at 5:00 p.m.**, and to submit a status report to the Court confirming Petitioner's release **by April 13, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon her release.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

By **April 27, 2026**, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

It is so **ORDERED**.

**SIGNED** on April 10, 2026.

_____
John A. Kazen
United States District Judge